## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN WALKER,<br>   *Plaintiff,*<br><br>v.<br><br>CHIEF BRENT STROMAN, IN HIS<br>INDIVIDUAL CAPACITY; DET.<br>MANUEL CHAVEZ, IN HIS<br>INDIVIDUAL CAPACITY; SHERIFF<br>PARNELL MCNAMARA, IN HIS<br>INDIVIDUAL CAPACITY; ABELINO<br>"ABEL" REYNA, DISTRICT<br>ATTORNEY OF MCLENNAN<br>COUNTY, IN HIS INDIVIDUAL<br>CAPACITY; JOHN DOE, EMPLOYEE<br>OF THE TEXAS DEPARTMENT OF<br>PUBLIC SAFETY; AND JOHN DOE,<br>M.D., EMPLOYEE OR POSSIBLE<br>CONTRACTOR FOR MCLENNAN<br>COUNTY SHERIFF'S OFFICE;<br>   *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL NO. 1-17-CV-00372-ADA** |

## ORDER

Before the Court are: Plaintiff Walker's Motion to Vacate Judgment under Rule 59(e) and Motion for Leave to Amend Complaint (ECF No. 49), as well as responses by Defendants McNamara and Reyna (ECF No. 50) and Defendants Chavez and Stroman (ECF No. 51). The Court, having considered the Motion, responses, and applicable law, finds that the Motion should be **DENIED** as discussed below.

### I.  INTRODUCTION

This case stems from the Twin Peaks restaurant incident on May 17, 2015. Members of the Bandidos and Cossacks Motorcycle Clubs, along with hundreds of other motorcycling enthusiasts, converged on the restaurant. Tensions between the Bandidos and Cossacks erupted

in a shootout that left nine dead and many injured. In the aftermath of the incident, police arrested 177 individuals on charges of Engaging in Organized Criminal Activity. The probable cause affidavit in support of the arrest warrants was the same for each of the 177 arrestees, and a justice of the peace set bond for each of the arrestees at one million dollars. Only one of the criminal cases ever went to trial (the defendant in that case is not a party to the instant action), and those proceedings ended in a mistrial. The state eventually dropped all remaining charges against the arrestees. The Plaintiff in this case was arrested pursuant to the same probable cause affidavit as the other arrestees.

The Plaintiff brought this case pursuant to 42 U.S.C. § 1983. ECF No. 35 at 27. He alleged that the defendants violated his Fourth Amendment rights by obtaining arrest warrants based on an affidavit that lacked probable cause. *Id*. Plaintiff also alleged that the defendants violated his Fourteenth Amendment due process right to be free from unlawful arrest. *Id*. at 31. Plaintiff alleged that the Defendants conspired to commit these violations. *Id*. at 32.

There are two groups of defendants in this case. The first group consists of Brent Stroman, and police officer Manuel Chavez ("City Defendants"). The second group is former McLennan County District Attorney Abelino "Abel" Reyna, McLennan County Sheriff Parnell McNamara, and two unnamed defendants: John Doe, and John Doe M.D. both of whom are employed by McLennan County ("County Defendants"). Notably, Defendants filed Motions to Dismiss (ECF No. 36; 37), which were granted on May 4, 2020 (ECF No. 45). Plaintiff now moves for this Court to vacate its judgment in regards to Defendants Stroman, Chavez, and Reyna, but not Defendant McNamara or the John Does. ECF No. 49 at 2-3. Additionally, Plaintiff requests leave to file a third amended complaint. *Id*. at 2.

## II. LEGAL STANDARD

### A. Rule 59(e)

"Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co. Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). The rule allows a court to alter or amend judgment due to: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The motion cannot be used to rehash evidence, legal theories, or arguments from prior to the entry of judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). While district courts have considerable discretion under Rule 59(e), the remedy of either amending, altering, or vacating a judgment is an extraordinary remedy that "should be used sparingly." *Id*. In fact, the Rule 59(e) standard "favors denial of motions to alter or amend judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Under Rule 59(e), a court balances finality (the need to bring the lawsuit to an end) and justice (the need for just decisions on the basis of all facts). *Edward H. Bohlin Co.*, 6 F.3d at 355.

## III. ANALYSIS

### A. Rule 59(e) Motion to Vacate Judgment

Plaintiff does not allege an intervening change in the controlling law, newly discovered evidence that was previously unavailable, or a manifest error of law or fact. ECF No. 49 at 1. Plaintiff asks this Court to vacate judgment under Rule 59(e) in order to correct "manifest injustice." *Id*. The Plaintiff asserts that this Court, in at least five other cases, previously issued orders denying Defendants' 12(b)(6) motions for "certain claims based upon complaints that are

3

almost identical to the complaint dismissed in this case." *Id*. at 2. While "manifest injustice" has not been clearly defined by courts in the Rule 59(e) context, Plaintiff relies on a Ninth Circuit case to state that "treating similarly situated parties differently can result in manifest injustice." *Id*. at 4. (citing *Guerrero v. Gates*, 442 F.3d 697, 702 n. 4 (9th Cir. 2006). This Court acknowledges the comparison Plaintiff is trying to make but notes that the Ninth Circuit was commenting on a district court's discretion to dismiss a defendant after 230 other defendants had been dismissed. *Guerrero*, 442 F.3d at 702 n. 4. The plaintiff in *Guerrero* had already failed to allege sufficient facts against 230 defendants. *Id*. Here, Plaintiff asks this Court to allow him a third chance to allege sufficient facts to defeat a 12(b)(6) motion simply because other plaintiffs pled sufficient facts against the same defendants. ECF No. 49 at 1. There is a clear difference between dismissing a 231st defendant because the plaintiff did not allege sufficient facts against any of the similarly situated defendants and allowing a plaintiff a fourth opportunity[1] to allege sufficient facts because other plaintiffs pled sufficiently in their respective cases.

Further, Plaintiff alleges this Court should grant him leave to amend his complaint for a *third* time in order to conform with cases that sufficiently pled facts of their claims to survive a 12(b)(6) motion. *Id*. Plaintiff compares its complaint to a fellow Twin Peaks case and states the differences are "slight." ECF No. 49 at 5. In the cases where Defendants' Motions to Dismiss were denied, however, the plaintiffs had sufficiently alleged facts about the viability of their *Franks* claims. ECF No. 50 at 2. As County Defendants assert Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*. (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, n. 5 (2008). In fact, "inadvertent mistake of counsel[, g]ross carelessness,

---

[1] This would be Plaintiff's fourth opportunity to state a viable claim by including the original complaint, the amended complaint, and the second amended complaint.

ignorance of rules or ignorance of law" do not justify granting a Rule 59(e) motion. *Edward H. Bolin Co.*, 6 F.3d at 350. In the present case, Plaintiff had multiple opportunities to allege sufficient facts to overcome a 12(b)(6) motion to dismiss. *See* ECF No. 1; 16; 35. For a *Franks* claim, the plaintiff must prove reckless disregard for the truth and "must present evidence that [the defendant] 'in fact entertained serious doubts as to the truth' of the relevant statement." *Hart v. O'Brien*, 127 F.3d 424, 449 (5th Cir. 1997) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968). The plaintiff must file a complaint based on more than conclusory statements. *Morin v. Claire*, 77 F.3d 116, 121 (5th Cir. 1996). The complaints in the cases where the 12(b)(6) motions were denied raised express arguments regarding their *Franks* claim. ECF No. 50 at 2–3. The Plaintiff did not, in any of his complaints or in his response to Defendants' Motions to Dismiss, discuss the viability of his *Franks* claims at all. ECF No. 40. Thus, Plaintiff, through a Rule 59(e) motion, is attempting to raise new arguments regarding his *Franks* claims that should have been made in the complaints or in the response to Defendants' 12(b)(6) motions. Because a Rule 59(e) motion is not an appropriate place to raise arguments that could or should have been made prior to judgment, Plaintiff's motion must fail. *Dehamy v. Schwarz Pharm., Inc.*, 702 F. 3d 177, 182 (5th Cir. 2012).

### B.  Rule 15(a) Motion for Leave to Amend Complaint

A post-judgment amendment to a complaint can only be granted after the court grants a motion to vacate judgment under Rule 59 or 60. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Plaintiff filed his original complaint on April 24, 2017 (ECF No. 1) and has had numerous opportunities to raise sufficient arguments to defeat a 12(b)(6) motion, including his three complaints and in his response to Defendants' Motion to Dismiss. Plaintiff's only explanation as to why the Rule 15(a) motion was not filed until after judgment is that "former

counsel believed that the dismissed complaint was sufficient to state claims against the Defendants." ECF No. 49 at 8. Plaintiff's explanation is not enough. *See Vielma*, 218 F.3d at 468; *Briddle*, 63 F.3d at 380; *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-470 (5th Cir. 1967). This Court must follow the precedent that the Fifth Circuit has unwaveringly followed by denying a motion for "leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to [the entry of judgment]." *Id*. (quoting *Briddle v. Scott*, 63 F.3d 364, 380). Because Plaintiff had multiple opportunities to state a viable claim for relief, which could have been raised prior to the entry of judgment, Plaintiff's Motion for Leave to Amend must be denied.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Rule 59(e) Motion to Vacate Judgment and Rule 15(a) Motion for Leave to Amend Judgment are **DENIED**.

**SIGNED** this 30th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE